UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE DOE,<br><br>        Plaintiff,<br><br>    v.<br><br>TEA DATING ADVICE, INC.,<br><br>        Defendant. | Case No. 25-cv-06559-TSH<br><br>**ORDER GRANTING PERMISSION TO PROCEED UNDER PSEUDONYM** |

Plaintiff Jane Doe brings this putative class action against Defendant Tea Dating Advice, Inc., alleging it failed to protect class members' private information on its mobile application, Tea Dating Advice, leading to hackers accessing their information, including photos, information from government IDs, and users' posts and chats. Plaintiff filed this case using a pseudonym "in order [to] protect her identity given the sensitive nature of this action." Compl. ¶ 10, ECF No. 1.

"The normal presumption in litigation is that parties must use their real names." *Doe v. Kamehameha Schools/Bernice Pauahi Bishop Estate*, 596 F.3d 1036, 1042 (9th Cir. 2010); *see also* Fed. R. Civ. P. 10(a) (requiring that the title of every complaint "include the names of all the parties"). However, the Ninth Circuit allows parties to use pseudonyms under special circumstances where nondisclosure of the party's identity is necessary to protect a person from harassment, injury, ridicule or personal embarrassment.[1] *Does I through XXIII v. Advanced*

---

[1] The Ninth Circuit does not require a plaintiff to obtain leave to proceed anonymously before filing an anonymous pleading. *See Doe v. UNUM Life Ins. Co. of Am.*, 164 F. Supp. 3d 1140, 1144 (N.D. Cal. 2016) (holding that a plaintiff is not required to obtain leave to proceed anonymously before filing an anonymous pleading because any attempt to proceed anonymously would be pointless if a plaintiff had to use his or her real name first); *Doe v. Penzato*, 2011 WL 1833007, at *4 (N.D. Cal. May 13, 2011) ("Although some Circuits require plaintiffs to obtain leave of the court before filing an anonymous pleading, the Ninth Circuit does not.").

1  *Textile*, 214 F.3d 1058, 1067-68 (9th Cir. 2000) (citations omitted).  A court must balance the need
2  for anonymity against the risk of prejudice to the opposing party and the public's interest in
3  knowing the party's identity.  *Jane Roes 1-2 v. SFBSC Mgmt., LLC*, 77 F. Supp. 3d 990, 993 (N.D.
4  Cal. 2015); *Advanced Textile*, 214 F.3d at 1068.  Applying the balancing test, courts have
5  permitted plaintiffs to use pseudonyms in three situations: (1) when identification creates a risk of
6  retaliatory physical or mental harm; (2) when anonymity is necessary to preserve privacy in a
7  matter of sensitive and highly personal nature; and (3) when the anonymous party is compelled to
8  admit his or her intention to engage in illegal conduct.  *Jane Roes 1-2*, 77 F. Supp. 3d at 993
9  (citing *Advanced Textile*, 214 F.3d at 1068).

10  The Court must determine the precise prejudice at each stage of the proceedings to the
11  opposing party, and whether proceedings may be structured to mitigate that prejudice.  *Advanced*
12  *Textile*, 214 F.3d at 1068.  The Court must also decide whether the public's interest in the case
13  would be best served by requiring that the litigants reveal their identities.  *Id*. at 1069.  In cases
14  where plaintiff has demonstrated a need for anonymity, the district court should use its powers to
15  manage pretrial proceedings under Rule 16(b) and to issue protective orders limiting disclosure of
16  the party's name under Rule 26(c) "to preserve the party's anonymity to the greatest extent
17  possible without prejudicing the opposing party's ability to litigate the case."  *Id*.; Fed. R. Civ. P.
18  16(b) & 26(c).

19  Given the nature of the claims in this case, the Court finds the need of Plaintiff for
20  anonymity outweighs the risk of prejudice to Defendant at this preliminary stage, as Plaintiff has
21  shown anonymity is necessary to preserve privacy in a matter of sensitive and highly personal
22  nature.  The Ninth Circuit has explained that, where a defendant does not know the plaintiff's
23  name, "at some later point in the proceedings it may be necessary to reveal plaintiffs' identities to
24  defendants so that defendants may refute [their] individualized accusations." *Advanced Textile*,
25  214 F.3d at 1058.  Thus, Defendant can later seek disclosure of Plaintiff's true name.  *See Doe 1 v.*
26  *GitHub, Inc.*, 672 F. Supp. 3d 837, 853 (N.D. Cal. 2023) (concluding that defendants would not be
27  prejudiced because "Plaintiffs have disclosed their true names to Defendants subject to a
28  protective order, so pseudonymity should not impede Defendants' ability to develop their case").

Further, the public interest factor does not weigh against permitting Plaintiff to proceed pseudonymously. "The normal presumption in litigation . . . that parties must use their real names . . . is loosely related to the public's right to open courts and the right of private individuals to confront their accusers." *Kamehameha*, 596 F.3d at 1042. Where the plaintiffs' identities are not central to the issues raised by a case, however, the public interest may not be harmed by permitting plaintiffs to proceed pseudonymously. *See Advanced Textile*, 214 F.3d at 1072 (reversing denial of anonymity where "[t]he district court did not explain, and we fail to see, how disguising plaintiffs' identities will obstruct public scrutiny of the important issues in th[e] case"); *Kamehameha*, 596 F.3d at 1043 (noting that, where plaintiffs brought "claims of widespread discrimination," "it [wa]s difficult to see 'how disguising plaintiffs' identities w[ould] obstruct public scrutiny of the important issues in th[e] case'") (quoting *Advanced Textile*, 214 F.3d at 1072). There is no indication that withholding Plaintiff's identity will obstruct public scrutiny of the issues raised, as the identity appears to have no bearing on the central issues of this case, including whether Defendant failed to safeguard its users' private information. Thus, the Court finds the public interest factor does not weigh against anonymity at this stage of the litigation. *See GitHub, Inc.*, 672 F. Supp. 3d at 855 (finding public interest factor weighed in favor of anonymity where the plaintiffs' identities appeared to have no bearing on the resolution of the issues, and allowing plaintiffs to proceed pseudonymously would not impede public access to the substance of the proceedings); *Doe v. County of El Dorado*, 2013 WL 6230342, at *5 (E.D. Cal. Dec. 2, 2013) (same).[2] Accordingly, the Court shall permit Plaintiff to proceed under a pseudonym.

**IT IS SO ORDERED.**

Dated: August 6, 2025

THOMAS S. HIXSON
United States Magistrate Judge

---

[2] The Court is mindful that, like the other factors, the public interest in Plaintiff's identity may change as the suit progresses. *See Doe v. NFL Enters., LLC*, 2017 WL 697420, at *2 (N.D. Cal. Feb. 22, 2017) (noting that "class members will . . . have a right to know the identity of their representative in this litigation" in later stages of the case).